UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

ALLAN D. DE ABREU,

        Plaintiff,

   v.

NANCY A. BERRYHILL, Acting Commissioner of Social Security Administration,

        Defendant.

CASE NO. 2:16-CV-01062-RAJ-DWC

REPORT AND RECOMMENDATION ON DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

Noting Date: May 5, 2017

The District Court has referred this action, filed pursuant to 42 U.S.C. § 405(g), to United States Magistrate Judge David W. Christel. Before the Court is Defendant's Motion for Summary Judgment (Dkt. 13). After reviewing the Motion, Plaintiff's response, the parties' supplemental briefing, and the relevant record, the Court concludes Plaintiff failed to timely file his complaint seeking judicial review of the Acting Commissioner of Social Security's ("Commissioner") final decision. Further, Plaintiff has failed to demonstrate the extraordinary circumstances which would warrant equitable tolling. Therefore, the undersigned recommends this case be dismissed with prejudice.

## BACKGROUND AND PROCEDURAL HISTORY

Plaintiff filed applications for Disability Insurance Benefits ("DIB") and Supplemental Security Income ("SSI") benefits on November 17, 2010. Dkt. 13, Exh. 2, p. 1. After Plaintiff's applications were denied on initial review and on reconsideration, Administrative Law Judge ("ALJ") Stephanie Martz found Plaintiff was capable of performing his past relevant work, and was therefore not disabled within the meaning of Sections 216(i), 223(d), and 1614(a)(3)(A) of the Social Security Act. Dkt. 13, Exh. 2, p. 10. The Appeals Council denied Plaintiff's request for review on April 25, 2016, making the ALJ's decision the final decision of the Commissioner. *See* Dkt. 13, Exh. 2, p. 11, 20 C.F.R. § 404.981, § 416.1481.

In its denial notice, the Appeals Council informed Plaintiff of his right to seek judicial review of the ALJ's decision—specifically, that he would have sixty days to file a civil action challenging the ALJ's decision. Dkt. 13, Exh. 2, p. 13 ("Appeals Council Notice"). The Appeals Council Notice further indicated the sixty days would begin to run the day after Plaintiff received the letter, and, absent evidence to the contrary, the Commissioner would assume Plaintiff received the letter five days after the date listed on the notice. As the Appeals Council Notice was dated April 25, 2016, Plaintiff was presumed to have until June 29, 2016 to initiate proceedings in this Court. However, Plaintiff filed his complaint seeking judicial review of the Commissioner's final decision on July 11, 2016. *See* Dkt. 1.

On October 31, 2016, Defendant filed a motion to dismiss pursuant to Fed.R.Civ.P. 12(b)(1) and 12(b)(6), alleging the Court lacks subject matter jurisdiction and that Plaintiff has failed to state a claim upon which relief can be granted. Dkt. 13. After reviewing the Motion and Plaintiff's response, the Court ordered supplemental briefing on the question of whether Plaintiff had presented evidence of mental incompetence sufficient to warrant equitable tolling of the

sixty-day statute of limitations. Dkt. 15. Upon receipt of the parties' supplemental briefing, the Court concluded it was necessary to convert Defendant's Motion to Dismiss into a Motion for Summary Judgment. *See* Dkt. 16, 17, 18. This case is now ready for review.

## **STANDARD OF REVIEW**

Pursuant to Rule 56 of the Federal Rules of Civil Procedure, "the court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." A party asserting a fact cannot be or is genuinely disputed must support the assertion by:

> (A) citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials; or
>
> (B) showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact.

Fed. R. Civ. P. 56(c)(1). All facts and reasonable inferences drawn therefrom must be viewed in the light most favorable to the nonmoving party. *Furnace v. Sullivan*, 705 F.3d 1021, 1026 (9th Cir. 2013) (*citing Torres v. City of Madera*, 648 F.3d 1119, 1123 (9th Cir. 2011); *Tarin v. County of Los Angeles*, 123 F.3d 1259, 1263 (9th Cir.1997).

As the party moving for summary judgment, Defendants have the initial burden to demonstrate no genuine issue of material fact remains in this case. *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986); *In re Oracle Corp. Securities Litigation*, 627 F.3d 376, 387 (9th Cir. 2010). The movant "always bears the initial responsibility of informing the district court of the basis for its motion," and identifying those portions of the record, including pleadings, discovery materials, and affidavits, "which it believes demonstrate the absence of a genuine issue of material fact." *Celotex*, 477 U.S. at 323. Mere disagreement or the bald assertion stating a

REPORT AND RECOMMENDATION ON
DEFENDANT'S MOTION FOR SUMMARY
JUDGMENT - 3

genuine issue of material fact exists does not preclude summary judgment. *California Architectural Building Products, Inc. v. Franciscan Ceramics, Inc.*, 818 F.2d 1466, 1468 (9th Cir. 1987). A "material" fact is one which is "relevant to an element of a claim or defense and whose existence might affect the outcome of the suit," and the materiality of which is "determined by the substantive law governing the claim." *T.W. Electrical Serv., Inc. v. Pacific Electrical Contractors Ass'n*, 809 F.2d 626, 630 (9th Cir. 1987).

Mere "[d]isputes over irrelevant or unnecessary facts," therefore, "will not preclude a grant of summary judgment." *Id.* Rather, the nonmoving party "must produce at least some 'significant probative evidence tending to support the complaint.'" *Id.* (*quoting Anderson*, 477 U.S. at 290); *see also California Architectural Building Products, Inc.*, 818 F.2d at 1468 ("No longer can it be argued that any disagreement about a material issue of fact precludes the use of summary judgment."). In other words, the purpose of summary judgment "is not to replace conclusory allegations of the complaint or answer with conclusory allegations of an affidavit." *Lujan v. National Wildlife Federation*, 497 U.S. 871, 888 (1990). "If a party fails to properly support an assertion of fact or fails to properly address another party's assertion of fact as required by Rule 56(c), the court may . . . grant summary judgment if the motion and supporting materials--including the facts considered undisputed--show that the movant is entitled to it[.]" Fed R. Civ. P. 56(e)(3).

## DISCUSSION

I. Whether the Court Lacks Subject Matter Jurisdiction.

Defendant first argues the Court lacks subject matter jurisdiction. If a claimant wishes to challenge a final decision of the Social Security Administration in district court, a claimant "may obtain a review of such decision by a civil action commenced within sixty days after the mailing

to him of notice of such decision or within such further time as the Commissioner of Social Security may allow." 42 U.S.C. § 405(g). However, the United States Supreme Court has held the period for filing a civil action identified in 42 U.S.C. § 405(g) is properly construed as a statute of limitations, rather than a jurisdictional requirement. *See Bowen v. City of New York*, 476 U.S. 467, 476 (1986); *Banta v. Sullivan*, 925 F.2d 343, 345 (9th Cir. 1991); *Vernon v. Heckler*, 811 F.2d 1274, 1277 (9th Cir. 1987) ("The 60-day period is not jurisdictional, but instead constitutes a statute of limitations"). The only jurisdictional requirements of 42 U.S.C. § 405(g) are that there be a "final" decision of the Social Security Administration, and that all administrative remedies be exhausted. *See* 42 U.S.C. § 405(g); *Vernon,* 811 F.2d at 1277. As the sixty-day time period for filing a civil action is not a jurisdictional requirement, the Motion should be denied to the extent Defendant seeks dismissal for lack of subject matter jurisdiction.

II. Whether Plaintiff Has Failed to State a Claim Upon Which Relief Could be Granted.

**A. Whether Plaintiff's Claims are Barred by the Statute of Limitations**

As discussed in Section I, above, a claimant may obtain review of an adverse final decision of the Commissioner of Social Security by filing a complaint in federal district court within sixty days after the mailing of a notice. 42 U.S.C. § 405(g). This sixty-day period is a statute of limitations; thus, the Commissioner may raise a claimant's failure to file suit within the sixty-day period as a defense. *See Vernon*, 811 F.2d at 1278.

Plaintiff's complaint does not state when the ALJ's decision became final, nor does it indicate the date he received the Appeals Council notice. Dkt. 1, 8. However, Defendant attached three documents to their motion: 1) the declaration of Nancy Chung ("Chung

Declaration") (Dkt. 13, Exh. 2, p. 1); 2) a redacted copy of the ALJ decision[1] (Dkt. 13, Exh. 2, p. 5); and 3) a copy of the Appeals Council Notice (Dkt. 13, Exh. 2, p. 11). These documents establish that the Commissioner's decision became final on April 25, 2016 (Dkt. 13, Exh. 2, p. 11), and that Plaintiff did not request an extension of time in which to file his complaint to the Appeals Council (Chung Declaration, Dkt. 13, Exh. 2, p. 3).

The Appeals Council Notice clearly establishes the ALJ Decision became final on April 25, 2016. (Dkt. 13, Exh. 2, p. 11). Plaintiff's complaint, filed on July 11, 2016, was filed twelve days after the expiration of the limitations period. Plaintiff does not allege, nor has he submitted, any evidence indicating he did not receive the Appeals Council Notice in a timely manner. *See* Dkt. 1, 17. Further, Plaintiff does not offer any evidence to rebut Defendant's proposition that he did not attempt to seek an extension of time to file a complaint, as authorized by 42 U.S.C. § 405(g) and 20 C.F.R. § 422.210. Thus, Defendants have met their burden to demonstrate Plaintiff's complaint is untimely.

### B. Whether Plaintiff Has Presented Extraordinary Circumstances Sufficient to Trigger Equitable Tolling

Despite Plaintiff's complaint being untimely, a Court should not dismiss a case as untimely unless "the assertions of the complaint, read with required liberality, would not permit the plaintiff to prove that the statute was tolled." *Vernon*, 811 F.2d 1274, 1278 (9th Cir. 1987) (*citing Conerly v. Westinghouse Elec. Corp.*, 623 F.2d 117, 119 (9th Cir. 1980)). "Equitable tolling applies when the plaintiff is prevented from asserting a claim by wrongful conduct on the part of the defendant, or when extraordinary circumstances beyond the plaintiff's control made it impossible to file a claim on time." *Stoll v. Runyon*, 165 F.3d 1238, 1242 (9th Cir. 1998).

---

[1] Defendant appears to have redacted only personally-identifying information from the submission.

"Generally, a litigant seeking equitable tolling bears the burden of establishing two elements: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005).

Here, there is no meaningful dispute the Defendant or any other agent of the Social Security Administration has, through wrongful conduct, prevented Plaintiff from asserting his claim. Thus, the only question is whether extraordinary circumstance beyond the Plaintiff's control made it impossible for him to timely file the complaint. As an attachment to his complaint, Plaintiff includes a letter dated July 7, 2016, from one of his treating physicians. Dkt. 8, p. 7. In this letter, Dr. Elizabeth A. Paesch indicates she has been treating Plaintiff since November 5, 2015, and last saw him on July 1, 2016. *Id.* In Dr. Paesch's opinion, Plaintiff's difficulties in "attention, concentration, processing speed, working memory, new learning/memory, and executive functioning—combined with his depressive disorder, chronic pain, and behavioral presentation—will interfere with his ability to track information and tasks, problem solve in new situations, quickly act on information, and multitask." *Id.*

"[M]ental incompetence constitutes a ground for equitable tolling. Principles of equity mandate that when mental incompetence precludes a person from asserting his rights during the proper time period, he should not be precluded from later seeking redress for his injuries." *Brockamp v. United States*, 67 F.3d 260 (9th Cir.1995) (*rev'd on other grounds*, 519 U.S. 347, 117 S.Ct. 849, 136 L.Ed.2d 818 (1997)). *See also Walker ex rel. Estate of Garfield v. Astrue*, 403 Fed.Appx. 228, 230 (9th Cir. 2010) (declining to equitably toll the statute of limitations in a social security case, in part, as the plaintiff failed to submit evidence she was suffering from mental incapacity during the sixty-day period following the Appeals Council's decision denying review). For example, the Ninth Circuit has equitably tolled the statute of limitations in an Title

VII discrimination case where a medical expert testified the plaintiff's mental health impairments rendered her "unable to understand her legal rights and act on them" during the limitations period. *Stoll*, 165 F.3d 1238, 1240.

Here, however, Plaintiff has failed to demonstrate his mental impairments were sufficiently severe to have "precluded" him from asserting his rights during the limitations period. Though Dr. Paesch opined Plaintiff would have difficulty working with supervisors or the public, and would likely be slow on tasks and "more easily overwhelmed by information or multiple stimuli," there is no indication from Dr. Paesch's opinion that Plaintiff would be incapable of understanding his legal rights and acting on them, as was presented in *Stoll*. Dkt. 8, p. 7. Further, Plaintiff himself indicated his reason for failing to timely file his complaint was due to a mistaken assumption about the need for timely filing. *See* Dkt. 14, p. 4 ("I submitted my appeal and due [to] my inexperience and the fact no practicing attorney will take my case thought I would be able to provide SSA at a later date the needed documents but my assumption was wrong I see."). On these facts, Plaintiff has failed to demonstrate the "extraordinary circumstances" warranting equitable tolling of the statute of limitations. *Pace*, 544 U.S. at 418.

## **CONCLUSION**

Because Plaintiff's complaint was not filed within the sixty-day limitations period articulated in 42 U.S.C. § 405(g), and because Plaintiff has not demonstrated extraordinary circumstances warranting equitable tolling, the Court recommends Plaintiff's case be dismissed with prejudice.

Pursuant to 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b), the parties shall have fourteen (14) days from service of this Report to file written objections. *See also* Fed. R. Civ. P. 6. Failure to file objections will result in a waiver of those objections for purposes of *de novo*

review by the district judge. *See* 28 U.S.C. § 636(b)(1)(C). Accommodating the time limit imposed by Fed. R. Civ. P. 72(b), the clerk is directed to set the matter for consideration on May 5, 2017, as noted in the caption.

Dated this 18th day of April, 2017.

David W. Christel
United States Magistrate Judge